[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13929
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00149-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORRIS WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 26, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Norris Williams was convicted for several drug crimes.[1]  After sentencing, Williams made a Freedom of Information Act (FOIA) request with the Drug Enforcement Agency (DEA) seeking any information related to his case.  The DEA replied to the FOIA request stating that, while it had identified records "pertaining to the subject of [his] request," it would not provide the information because the information: (1) "could reasonably be expected to interfere with enforcement proceedings"; (2) "would disclose techniques and procedures for law enforcement investigations or prosecutions," and "such disclosure could reasonably be expected to risk circumnavigation of the law" or "endanger the life or physical safety of any individual"; and (3) included "material reporting investigative efforts."  Based on this response, Williams filed a motion for a new trial under Federal Rule of Criminal Procedure 33, which the district court denied.

Williams now appeals, arguing that the district court abused its discretion by both denying his motion and failing to hold an evidentiary hearing.  He argues that a new trial is warranted because the DEA evidence constituted new evidence and was withheld from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  We disagree and affirm.

---

[1] A jury found Williams guilty of three counts of possessing heroin with intent to distribute under 21 U.S.C. § 841(a)(1), (b)(1)(C) and one count of attempting to possess heroin with intent to distribute under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846.

2

## I. Rule 33 Motion

We review the district court's denial of a motion for a new trial—whether based on newly discovered evidence or a *Brady* violation—for abuse of discretion. *See United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).

Rule 33(b) authorizes a district court to grant a new trial based on new evidence only if: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a different result. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). Motions for a new trial based on newly discovered evidence are highly disfavored. *Id.*

To get a new trial based on a *Brady* violation, the defendant must show that: (1) the government possessed favorable evidence to the defendant, including impeachment evidence; (2) the defendant did not possess the evidence, and could not have obtained the evidence with any reasonable diligence; (3) the government suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different. *Vallejo*, 297 F.3d at 1164.

Williams has not established that he was entitled to a new trial on either ground. Williams's argument that the DEA has some information that it is

3

unwilling is overly speculative. That allegation cannot show whether the information is (1) different than the evidence presented at trial, or (2) could have been found during trial with diligent effort, (3) not cumulative or impeachment evidence, (4) material, even if it pertained to his case, or (5) that it would lead to a different trial result. *See Jernigan*, 341 F.3d at 1287. Williams acknowledges that it "is unknown" whether the DEA records contain any exculpatory information. [2]

Williams's argument that he is entitled to a new hearing because the evidence was withheld from him in violation of *Brady* fails for the same reason. Even if Williams could show that the government did not provide the DEA evidence until the DEA responded to his FOIA request, Williams does not show that (1) the evidence would have been favorable or useful for impeachment purposes, (2) the evidence was not already in his possession during trial or not capable of being obtained with reasonable diligence, or (4) that there is a reasonable probability the evidence would have changed the outcome of his case. *See Vallejo*, 297 F.3d at 1164.

Williams's unsubstantiated and conclusory allegations that the DEA might have some exculpatory evidence that might have made a difference in his case are insufficient to show that he is entitled to a new trial.

---

[2] To the extent that Williams argues that the DEA improperly withheld the records under FOIA, his redress is through a FOIA complaint, which gives federal courts jurisdiction "to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

4

## II.  Evidentiary Hearing

We also review for abuse of discretion a district court's decision not to conduct an evidentiary hearing before ruling on a motion for a new trial.  *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).  The "acumen gained by a trial judge over the course of the proceedings" makes the court "well qualified" to rule on a motion for a new trial without an evidentiary hearing.  *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997).  The district court is not required to hold an evidentiary hearing when the resolution of a motion for a new trial is clear.  *Jernigan*, 341 F.3d at 1289; *see also United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013) (holding that because the "record contained all the evidence needed to dispose of each of the grounds asserted as the basis for a new trial," the district court did not abuse its discretion in denying the motion without an evidentiary hearing).  Williams did not establish any of the elements required for a new trial.  Because the resolution of his motion was clear from the record, the district court did not abuse its discretion by not conducting an evidentiary hearing.  *See Scrushy*, 721 F.3d at 1305.

## III.  Conclusion

The district court did not abuse its discretion in denying Williams's motion for a new trial without an evidentiary hearing.  We affirm.

**AFFIRMED.**

5